UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Robert and Janora Santerre,<br><br>             Plaintiffs,<br>v.<br><br>AssetCare, Inc.; and<br>DOES 1-10, inclusive,<br><br>             Defendants. | Civil Action No.: _____<br><br><br><br>COMPLAINT<br><br><br>April 12, 2011 |

For this Complaint, the Plaintiffs, Robert and Janora Santerre, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robert Santerre ("Son"), is an adult individual residing in Newington, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Plaintiff, Janora Santerre ("Mother"), is an adult individual residing in Newington, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant AssetCare, Inc. ("AssetCare"), is a Georgia business entity with an address of 5100 Peachtree Industrial Boulevard, Norcross, Georgia 30071, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by AssetCare and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. AssetCare at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

9. A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to AssetCare for collection, or AssetCare was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged

2

in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. AssetCare Engages in Harassment and Abusive Tactics

13. Defendants called Plaintiffs to collect on a debt that was incurred by Robert Santerre over 14 years ago.

14. On some occasions Defendants failed to properly identify themselves as AssetCare when speaking to Plaintiffs.

15. Defendants also failed to inform Plaintiffs that the communication was an attempt to collect a debt and everything Plaintiffs said would be used for that purpose.

16. Defendants repeatedly called Janora Santerre and left numerous messages on her house phone line.

17. In the voice messages Defendants disclosed private and personal details concerning Robert Santerre including that AssetCare believed he owed a debt.

18. Mrs. Santerre informed Defendants that she had a legal representation and requested that Defendants cease calls to her.

19. Nevertheless, Defendants placed another call to Mrs. Santerre.

### C. Plaintiffs Suffered Actual Damages

20. The Plaintiffs has suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger,

anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiffs without disclosing the identity of the debt collection agency.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

### Conn. Gen. Stat. § 42-110a, et seq.

29. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

31. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

32. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

### 47 U.S.C. § 227, et seq.

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

36.  The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
6. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;
7. Punitive damages; and
8. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 12, 2011

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Attorney for Plaintiffs